UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRED NEKOUEE,

    Plaintiff,

v.    Case No. 19-2773-JAR

PRIVITERA REALTY HOLDINGS, L.L.C.,
et al.,

    Defendants.

## ORDER

Plaintiff, Fred Nekouee, filed this case against Privitera Realty Holdings, LLC ("Privitera") and Cosentino Group, Inc., seeking declaratory and injunctive relief, along with attorney's fees and expenses, under the Americans with Disabilities Act ("ADA").[1] Plaintiff alleges architectural barriers to access at defendants' stores violate the ADA. Privitera has filed a motion to stay the case (ECF No. 21) so it can investigate and remediate any violations found on its property. For the reasons discussed below, the court respectfully denies the motion.

---

[1] Hobby Lobby Stores, Inc. was previously named as a defendant. On February 6, 2020, plaintiff filed an amended complaint removing Hobby Lobby as a defendant because of its remedial work "which addressed each and every violation alleged in the complaint." *See* ECF No. 23 at 4.

1

The decision whether to stay discovery rests in the sound discretion of the court.[2] The Tenth Circuit has stated, however, that "the right to proceeding in court should not be denied except under the most extreme circumstances."[3] The District of Kansas generally does not favor staying discovery.[4]

Privitera seeks the stay "so that it may investigate the alleged accessibility barriers and, if necessary, to remediate any ADA violations as this court has previously allowed other similarly situated defendants."[5] In support of its motion, Privitera cites another District of Kansas case filed by this plaintiff in 2019. In that case, the defendant filed a motion to stay, stating it was in the process of correcting <u>all</u> the ADA violations at its hotel property and set a date certain to complete the remediation.[6] The parties there stipulated that plaintiff would be given reasonable access to the hotel to verify the remedial work had been done. Accordingly, they filed a joint status report with that agreement and stipulated a dismissal.[7]

---

[2] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[3] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[4] *Heritage Family Church, Inc. v. Kansas Dep't of Corr.*, No. 18-1259-EFM-KGG, 2018 WL 6602215, at *1 (D. Kan. Dec. 17, 2018).

[5] ECF No. 21 at 2.

[6] *Nekouee v. Akshay Hotels, LLC*, No. 18-2293-JAR-JPO (D. Kan. 2019).

[7] ECF No. 32.

Here, by contrast, Privitera seeks a stay of either 120 days or a "temporary stay with no defined duration," due, in part, to the ongoing COVID-19 pandemic and resulting stay-home orders affecting the community. Privitera hasn't completed its investigation, hasn't acknowledged it will correct any of the alleged ADA violations, and hasn't set a date certain to complete the work. Given the stay-home orders facing the community, the timing of any of this is even less certain. By its own admission, Privitera acknowledges the repairs it may need to complete will take longer than those Hobby Lobby completed "relatively quickly,"[8] explaining its own fixes would require "pouring new asphalt in what is now turning out to be a very wet spring."[9] While a stay might make sense under other circumstances, the court is not persuaded it is necessary here.

Rather, the court believes proceeding with the parties' planning conference will encourage the resolution of this case, whether that means an agreed-upon written proposal to address the alleged violations or a decision to proceed with litigation. Privitera is not precluded from conducting its investigation while the case proceeds, nor is it precluded from making any structural modifications. The court will go forward with the telephonic status conference set for April 7, 2020. The parties are directed to confer, as required by ECF No. 19, if they have not already done so. If the parties require an extension of the

---

[8] ECF No. 24 at 3 n.2.

[9] *Id.*

March 26, 2020 deadline to submit their report, they may jointly request one by e-mailing the undersigned's chambers.

IT IS SO ORDERED.

Dated March 24, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge